```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

CERTAIN UNDERWRITERS AT LLOYDS       )
SUBSCRIBING TO POLICY NO. CPG-       )
1264,                                )
                                     )
                Plaintiff,           )    Civil No. 2010-61
                                     )
            v.                       )
                                     )
ROBERT ELLIS BROWN, INC. d/b/a       )
ISLAND BLUES SEASIDE BAR AND         )
GRILL,                               )
                                     )
                Defendant.           )

ATTORNEYS:

**John H. Benham, III, Esq.**
Watts, Benham & Sprehn, P.C.
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Robert Ellis Brown, Inc. d/b/a Island Blues Seaside Bar and Grill**
   *Defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of Certain Underwriters at Lloyds Subscribing to Policy No. CPG-1264 ("Lloyds") for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Ellis Brown, Inc. d/b/a Island Blues Seaside Bar and Grill ("Island Blues") is a restaurant, located at 13-19 Estate Garden in St. John, U.S. Virgin Islands. To cover any legal

claims that might be alleged against it, Island Blues purchased an insurance policy, Commercial General Liability Coverage, Part Policy Number CPG-1264 (the "Insurance Policy"), from Lloyds. The Insurance Policy provided coverage to Island Blues for the period beginning January 9, 2006, to January 9, 2007. The insurance policy covered Island Blues for claims occurring during the policy period, subject to certain terms and conditions of the Insurance Policy.

On February 28, 2006, James H. Julien ("Julien") was a patron at Island Blues. While at Island Blues, Julien allegedly purchased and consumed alcoholic beverages provided by an employee of Island Blues.

Sometime thereafter, Julien was operating an automobile in the parking lot of the Coccoloba Shopping Center in St. John, U.S. Virgin Islands.[1] While trying to maneuver his automobile into a parking space, Julien's automobile collided with Karen Barrett ("Barrett") who was standing in the parking lot. Barrett was struck and injured by the automobile. Barrett suffered, among other injuries, fractures to her left and right tibias.

Thereafter, Barrett was taken to the emergency room of the Roy Lester Schneider Hospital (the "hospital"). Barrett was

---

[1] The Coccoloba Shopping Center is a partnership between Genoveva Rodriguez and James Phillips.

attended to by Paul Henrys, M.D. Among other procedures, Dr. Henrys performed several procedures to repair Barrett's tibias. After receiving medical attention from Dr. Henrys, Barrett was discharged from the hospital. After being discharged from the hospital, Barrett continued to suffer pain due to her injury.

At some point thereafter, Barrett filed a complaint in the Superior Court of the Virgin Islands against Dr. Henrys, the hospital, the Estate of James H. Julien ("the estate"), Island Blues, and Genoveva Rodriguez and James Phillips d/b/a Coccoloba ("Coccoloba"). The Superior Court action is captioned as *Karen Barrett v. Paul Henrys, M.D., et al.*, Superior Court of the Virgin Islands, Division of St. Thomas and St. John, Civil No. 26-2008 (the "Superior Court Lawsuit").

On or about March 3, 2008, Island Blues notified Lloyds of the Superior Court Lawsuit. Island Blues asked Lloyds to provide a defense pursuant to the Insurance Policy. Lloyds responded that the Insurance Policy excluded coverage of the claims alleged against Island Blues in the Superior Court Lawsuit. Lloyds then appointed counsel to defend Island Blues under a full reservation of rights.

Subsequently, in or about November, 2008, Barrett filed an amended seven-count complaint in the Superior Court Lawsuit (the "second amended complaint"). Count One of the second amended

complaint in the Superior Court Lawsuit alleges negligence against the hospital and Dr. Henrys. Count Two alleges negligent supervision against the hospital. Count Three alleges negligence against Dr. Henrys under an agency theory of liability. Count Four alleges gross negligence against the estate. Count Five alleges negligent hiring and negligent supervision against Island Blues. Count Six alleges negligent service of alcohol against Island Blues. Count Seven alleges negligence against Coccoloba, under a premises liability theory.

Thereafter, a controversy arose between Lloyds and Island Blues as to their respective rights and obligations under the Insurance Policy.

On June 8, 2010, Lloyds filed this action seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201. Specifically, Lloyds seeks a declaration as to whether it has a duty to defend the insured, Island Blues, in connection with the Superior Court Lawsuit.

Service of process on Island Blues in this action was effected by serving the summons and complaint on the Office of the Lieutenant Governor of the Virgin Islands, Division of Corporations and Trademarks, pursuant to V.I. Code Ann., tit.

13, § 348.[2] Additionally, personal service was made upon Robert E. Brown, registered agent of Island Blues. Lloyds filed affidavits of two process servers evidencing that service was properly made. Thereafter, Islands Blues failed to appear or otherwise file a responsive pleading in this action. As a result, Lloyds moved for entry of default. Default was entered against Island Blues on January 27, 2011.

Lloyds now moves for summary judgment against Island Blues. The motion is unopposed.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it

---

[2] V.I. Code, tit. 13, § 348, provides in pertinent part:

> In case legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law. . . .

13 V.I.C. § 348.

shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

The Insurance Policy, in pertinent part, provides that

> Various provisions in this policy restrict coverage. Read the entire policy to determine rights, duties and what is and is not covered.
>
> . . . .
>
> Section 1 – COVERAGES

    COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

2. Exclusions

This insurance does not apply to:

. . . .

c. Liquor Liability

   "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

   (1) Causing or contributing to the intoxication of any person;

   (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

   (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

      This exclusion applies only if you are in the business of manufacturing,

> distributing, selling, serving or furnishing alcoholic beverages.

(Liquor Liability Exclusion, ECF No. 12-2.)

Included in the Insurance Policy is an amendment to the "Liquor Liability Exclusion." The amendment provides that:

> <u>AMENDMENT OF LIQUOR LIABILITY EXCLUSION</u>
>
> Exclusion c. of COVERAGE A (Section 1) is replaced by the following:
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> Causing or contribution to the intoxication of any person;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you:
>
> Manufacture, *sell* or distribute alcoholic beverages for a charge whether or not such activity:
>
> Requires a license; is for the purpose of financial gain or livelihood; or
>
> Serve or furnish alcoholic beverages without a charge, if a license is required for such activity.

(Amendment of Liquor Liability Exclusion, ECF No. 12-2)

(emphasis added).

In its motion for summary judgment, Lloyds asks that:

1. The Court declare the rights and obligations of each of the parties with regard to their respective rights and obligations under the subject policy of insurance;

2. The Court declare that there is no coverage under the insurance policy for Robert Ellis Brown, Inc. and that Plaintiff Lloyds has no obligation to defend and indemnify; . . .

(Mot. Summ. J., ECF No. 11.)

Lloyds argues that the "Liquor Liability Exclusion" excepts from coverage the claims asserted against Island Blues in the Superior Court Lawsuit. In support of that argument, Lloyds directs the Court to the "Liquor Liability Exclusion" contained in the Insurance Policy. Lloyds directs the Court to the second amended complaint from the Superior Court Lawsuit. Lloyds also directs the Court to a letter from Lloyds to Barrett regarding coverage of the Superior Court Lawsuit claims under the Insurance Policy. Lloyds does not direct the Court to any affidavit or deposition testimony in support of its motion for summary judgment.

Under Virgin Islands law, "[t]he interpretation, construction and legal effect of an insurance policy is a question to be determined by the court *as a matter of law*." *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F.Supp. 1046, 1050 (D.V.I. 1991) (citing *Berne v. Aetna*

*Insurance Co.*, 604 F.Supp. 958 (D.V.I.) *aff'd*, 782 F.2d 1026 (3d Cir. 1985)) (emphasis added). "Courts interpreting insurance policies should read the provisions within the context of the entire policy and any extensions thereto." *Devcon Int'l Corp. v. Reliance Insurance Co.*, 2007 WL 3124767, at *2 (D.V.I. 2007) (citing *Coakley Bay*, 770 F.Supp. at 1051; 22 V.I.C. § 846 (2004)). "Furthermore, courts 'should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them." *Devcon*, 2007 WL 3124767, at *2 (citing *Northbrook Ins. Co. v. Kuljian Corp.*, 690 F.2d 368, 372 (3d Cir. 1982)). "If the terms of a policy are unambiguous, it must be construed according to its plain language." *Devcon*, 2007 WL 3124767, at *3. Indeed, the "understanding of an ordinary person is the standard to be used in construing the insurance policy." *Evanston Ins. Co. v. Treister,* 794 F. Supp. 560, 569 (D.V.I. 1992). If any ambiguity exists, however, it must be construed against the insurer, and in a manner which is more favorable to coverage. *Vlastos v. Sumitomo Marine & Fire Ins. Co. (Europe) Ltd.,* 707 F.2d 775, 778 (3d Cir.1983); *Evanston Ins. Co. v. Treister,* 794 F.Supp. 560, 569 (D.Vi.1992).

Here, the Court finds no ambiguity in the relevant language of the Insurance Policy, and the parties point to none. As such, the Court must look to the plain language of the Insurance

*Certain Underwriters v. Robert Ellis Brown, Inc.*
Civil No. 2010-61
Memorandum Opinion
Page 11

Policy to determine whether the activity complained of in the Superior Court Lawsuit is excluded from the Insurance Policy. *See Devcon*, 2007 WL 3124767, at *3 (explaining that unambiguous terms in an insurance policy must be construed according to their plain language).

The plain language of the Liquor Liability Exclusion makes clear that the Insurance Policy provides no coverage for "bodily injury" if the alleged basis of the insured's liability is furnishing alcoholic beverages to a person, causing their intoxication. Given that backdrop, the Court must now determine whether the claims asserted in the underlying action fall within the scope of the exclusion. That is, the Court must determine whether the basis of the claims asserted in the Superior Court Lawsuit is the furnishing of alcoholic beverages.

To determine whether the exclusion applies to the claims asserted in the Superior Court Lawsuit, the Court must examine the factual allegations in the Superior Court Lawsuit. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Pipher,* 140 F.3d 222, 224 (3d Cir. 1998) (holding that it is the factual allegations averred in the complaint, and not the nature of the act that caused the injury, that control in determining whether an exclusion applies).

Barrett alleges in the Superior Court Lawsuit that she suffered injuries when she was struck by a Jeep driven by James Julien, who was intoxicated. (Superior Court Lawsuit, Second Am. Compl. ¶ 59.) Barrett alleges that Julien was intoxicated because he was negligently "provided with alcoholic beverages by" an Island Blues employee. (*Id*. at ¶ 77.) Further, Barrett alleges that Island Blues is an establishment which "furnishes and sells alcoholic beverages." (*Id*. at ¶ 69.)

Indeed, the claims in the Superior Court Lawsuit involve the very activity excluded by the Insurance Policy—"[t]he *furnishing* of alcoholic beverages to a person under . . . the influence of alcohol." (Liquor Liability Exclusion ¶ 2) (emphasis added). The second amended complaint in the Superior Court Lawsuit clearly alleges that Island Blues "*sold* or provided alcoholic beverages to Julien, who was intoxicated." (*Superior Court Lawsuit*, Second Am. Compl. ¶ 78) (emphasis added). Based on the allegations in the underlying complaint, were it not for the "furnishing of alcoholic beverages," Barrett would have no cause to complain. Accordingly, the Court finds that, as a matter of law, the "Liquor Liability Exclusion" in the Insurance Policy precludes coverage of the claims arising from the Superior Court Lawsuit.

*Certain Underwriters v. Robert Ellis Brown, Inc.*
Civil No. 2010-61
Memorandum Opinion
Page 13

On that basis, the Court finds that Lloyds has met its initial summary judgment burden. Lloyds has shown that there is no genuine issue of material fact and that the liquor liability exclusion applies to the claims asserted in the Superior Court Lawsuit as a matter of law. The burden of persuasion thus shifts to Island Blues to show the existence of some genuine issue of material fact.

Island Blues fails to present any evidence illustrating that the Liquor Liability Exclusion does not apply to the facts asserted in the Superior Court Lawsuit. Island Blues also fails to present any evidence illustrating that it does not "sell or distribute alcoholic beverages for a charge." (Am. Liquor Liability Exclusion.) Island Blues has done nothing to satisfy its burden. *See generally, Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)(explaining that the non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . .") Indeed, the record is completely devoid of any evidence that the claims asserted in the Superior Court Lawsuit meet the requirements for coverage under the Insurance Policy. As such, the Court finds that Lloyds is entitled to summary judgment.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the motion by Lloyds for summary judgment. An appropriate judgment follows.

                                                  S\_____
                                                    **Curtis V. Gómez**
                                                      **Chief Judge**